RECEIVED

FEB - 6 2019

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KATIE EARNEST

VERSUS

WESTERN WORLD INSURANCE CO.

CIVIL ACTION NO.1:18-000302

JUDGE DEE D. DRELL
MAG. JUDGE PEREZ-MONTES

## RULING

Before the court is an unopposed motion for summary judgment filed by Leroy David Seaux in his capacity as trustee of the Leroy Seaux Living Trust. (Doc. 32). For the reasons set forth below, the motion for summary judgment is **DENIED**.

## LAW & ANALYSIS

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The burden shifts to the nonmoving party

to come forward with evidence which demonstrates the essential elements of his claim. See Anderson, 477 U.S. at 250. The nonmoving party must establish the existence of a genuine dispute of material fact for trial by showing the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. Celotex, 477 U.S. at 325; Duffy v. Leading Edge Prods., Inc., 44 F.3d 308, 312 (5th Cir. 1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof. Duffy, 44 F.2d at 312. "[C]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Id. (citing Anderson, 477 U.S. at 247).

In the instant case, there is no opposition to the motion for summary judgment; however, this does not relieve the movant from coming forward with sufficient evidence supporting his motion. The allegations of the motion are that Leroy David Seaux, as trustee for the Leroy Seaux Living Trust ("Living Trust"), should be dismissed as neither he, as the current trustee, nor the Living Trust, as owner, had the duty to maintain, repair, or inspect the property rented by the plaintiff at 2254 Paris Street in Alexandria, Louisiana. However, the evidence provided in support of his motion fails to establish most of the facts alleged therein.

Attached to the motion are the affidavit of Leroy David Seaux and a portion of the Living Trust agreement. The affidavit provides (1) Mr. Seaux, the affiant, is the son of Leroy Seaux who passed away June 25, 2017; (2) Leroy Seaux established the Living Trust on May 16, 2012, and placed property he owned at 2254 Paris Street in Alexandria, Louisiana in the Living Trust; and (3) Leroy Seaux, "retained full and complete custody and management and maintenance duties" of that property, as shown by the Living Trust agreement. (Doc. 32-3, p.1).

2

The portions of the Living Trust agreement provided to the court include the table of contents and the section setting forth the trustee's power to manage trust property. No other portions of the trust document are included. Thus, the court lacks a full understanding of the establishment and operation of the Living Trust. Without a complete document, the court cannot definitively ascertain: Leroy Seaux was in fact the appointed trustee; Leroy David Seaux succeeded his father as such after his death; who the naked owner and/or usufructuary of the property were and are; or whether the terms of the Trust changed in any way following the death of Leroy Seaux. Without answers to these questions, the court certainly cannot establish that Leroy David Seaux, as successor trustee, does not owe a duty to Katie Earnest for injuries she sustained when she fell through the floor of the home she rented at 2252 Paris Street in Alexandria, Louisiana.

## CONCLUSION

Accordingly, the motion for summary judgment will be denied. The Court will issue a judgment in conformity with these findings.

**SIGNED** on this 5th day of February 2019, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT

3